# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER GERARD WAHL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUTTON,<br><br>　　　　　Defendant. | Case No. 1:16-cv-01576-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(ECF No. 10) |

　　　　Plaintiff Peter Gerard Wahl ("Plaintiff") is proceeding pro se and forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on October 19, 2016. (ECF No. 1.) Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 7.)

　　　　On December 29, 2016, Plaintiff filed a motion for injunctive relief. (ECF No. 10.) Plaintiff requests that the Court enjoin the defendants from retaliating against him and order his immediate discharge. (*Id.*) However, on December 30, 2016, after filing the instant motion, Plaintiff informed the Court that he had been released from prison. (ECF No. 11.)

　　　　"An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been classified as a class action." *Norsworthy v. Beard*, 802 F.3d 1090, 1092 (9th Cir. 2015) (quoting *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995)); *see also Love v. Yates*, No. 1:10-cv-02304-BAM PC, 2012 WL 484603, *4 (E.D. Cal. Feb. 14, 2012) (finding claim for injunctive relief moot because

1

prisoner was no longer incarcerated at the prison where he sought injunctive relief). "The reason is that the released inmate is no longer subject to the prison conditions or policies he challenges." *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (citations omitted).

As Plaintiff has been released from prison, he is no longer subject to the prison conditions or policies he challenges, and this matter has not been certified as a class action.[1] Accordingly, Plaintiff's motion for injunctive relief is HEREBY DENIED as moot.

IT IS SO ORDERED.

  Dated:   **January 11, 2017**                    /s/ *Barbara A. McAuliffe*             
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent Plaintiff seeks to pursue this matter as a class action, he may not do so. Plaintiff is proceeding pro se and lacks authority to appear as an attorney for anyone other than himself. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008) (courts routinely adhere to general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987) (holding that "non-attorney may appear *in propria persona* in his own behalf," but has no authority to appear as an attorney for others).