1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10
11

PETER GERARD WAHL,

12

　　　　　　　Plaintiff,

13

　　v.

14

SUTTON,

15

　　　　　　　Defendant.

16
17
18

Case No.　1:16-cv-01576-BAM (PC)

ORDER DISREGARDING PLAINTIFF'S
SUPPLEMENTAL PLEADING (ECF No. 8)

ORDER DENYING PLAINTIFF'S MOTION
TO SUPPLEMENT (ECF No. 9)

ORDER GRANTING PLAINTIFF LEAVE TO
AMEND

**THIRTY (30) DAY DEADLINE**

19

　　　　Plaintiff Peter Gerard Wahl ("Plaintiff") is proceeding pro se and in forma pauperis in this

20

civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on October 19, 2016.

21

(ECF No. 1.) Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 7.)

22

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a

23

governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. §

24

1915A(a). Before the Court could screen Plaintiff's complaint, Plaintiff filed a supplemental

25

pleading on November 4, 2016 (ECF No. 8) and a motion to supplement on December 7, 2016

26

(ECF No. 9).

27

　　　　Federal Rule of Civil Procedure 15(d) states, "[o]n motion and reasonable notice, the court

28

1

1   may, on just terms, permit a party to serve a supplemental pleading setting out any transaction,

2   occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R.

3   Civ. P. 15(d). "While leave to permit supplemental pleadings is favored, it cannot be used to

4   introduce a separate, distinct and new cause of action." *Planned Parenthood of So. Arizona v.*

5   *Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted).

6         Upon review, Plaintiff's supplemental pleading does not set forth any facts that arose after

7   the filing of his original complaint. Plaintiff instead seeks class action certification, injunctive

8   relief for law library access and expedited transfers, and an opportunity to amend. Plaintiff also

9   appears to allege retaliation, among other new causes of action.  However, Plaintiff may not use a

10  supplemental pleading to introduce new and separate causes of action.  *See Planned Parenthood*,

11  130 F.3d at 402.  For these reasons, Plaintiff's supplemental complaint shall be disregarded.

12        As for Plaintiff's motion to supplement, it is one page in length and seeks only to apprise

13  the Court of the recently passed Proposition 57 in California. Plaintiff's motion alleges no new

14  facts that arose subsequent to the original complaint to support a supplemental pleading. *See* Fed.

15  R. Civ. P. 15(d). Additionally, the information about Proposition 57 is unnecessary. Plaintiff need

16  not submit legal authorities in order to plead a cognizable claim for relief. *Cf. Johnson v. City of*

17  *Shelby, Miss.*, 135 S.Ct. 346, 346-47 (2014) (per curiam) (holding that federal pleading rules do

18  not require a perfect statement of the legal theory supporting the claim asserted); *see also* Fed. R.

19  Civ. P. 8(a)(2) (complaint requires "a short and plain statement of the claim showing that the

20  pleader is entitled to relief").  For these reasons, Plaintiff's motion to supplement shall be denied.

21        Given that Plaintiff seeks an opportunity to amend, the Court advises Plaintiff that he may

22  amend his complaint once as a matter of course. Fed. R. Civ. P. 15(a)(1) ("A party may amend its

23  pleading once as a matter of course…").  Plaintiff is reminded that an amended complaint should

24  be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the

25  deprivation of Plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

26  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief

27  above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)

28  (citations omitted).

1    Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated

2    claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no

3    "buckshot" complaints).

4    Finally, the Court advises Plaintiff that an amended complaint supersedes the original

5    complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore,

6    Plaintiff's amended complaint must be "complete in itself without reference to the prior or

7    superseded pleading," Local Rule 220, and should be filed within thirty (30) days of service of

8    this order.

9    Accordingly, the Court HEREBY ORDERS that:

10   1.   Plaintiff's supplemental pleading, filed November 4, 2016 (ECF No. 8), is

11        DISREGARDED;

12   2.   Plaintiff's motion to supplement, filed December 7, 2016 (ECF No. 9), is DENIED;

13   3.   Within thirty (30) days from the date of service of this order, Plaintiff may file a first

14        amended complaint; and

15   4.   If Plaintiff fails to file an amended complaint within the time specified by this order,

16        the Court will screen Plaintiff's original complaint, filed on October 19, 2016,

17        pursuant to 28 U.S.C. § 1915A.

18
19   IT IS SO ORDERED.

20   Dated:   __**January 13, 2017**__              ___/s/ *Barbara A. McAuliffe*___

21                                                UNITED STATES MAGISTRATE JUDGE

3