# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

PETER GERARD WAHL,

               Plaintiff,

    v.

SUTTON,

               Defendant.

Case No.  1:16-cv-01576-BAM (PC)

ORDER DENYING PLAINTIFF'S MOTIONS TO SUPPLEMENT (ECF Nos. 13, 16)

SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

**THIRTY (30) DAY DEADLINE**

## I.      Introduction

Plaintiff Peter Gerard Wahl ("Plaintiff"), a former state prisoner, is proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on October 19, 2016. (ECF No. 1.) Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 7.)

## II.      Motions to Supplement

Currently pending before the court are Plaintiff's motions to supplement filed on January 13, 2017, and March 6, 2017.  (ECF Nos. 13, 16.)  For the reasons discussed below, Plaintiff's motions to supplement shall be denied.

///

1

1     **A.  Motion filed January 3, 2017**

2         On November 4, 2016, Plaintiff filed a supplement to his original complaint.  (ECF No.

3 8.)  Thereafter, on December 7, 2016, Plaintiff filed a motion to supplement his original

4 complaint.  (ECF No. 9.)  On January 13, 2017, the Court signed an order disregarding Plaintiff's

5 supplemental pleading, denying his motion to supplement and granting him leave to amend his

6 complaint within thirty (30) days.  The order was docketed on January 17, 2017.  (ECF No. 14.)

7         Before the Court's order granting leave to amend was docketed, however, Plaintiff filed a

8 second motion to supplement his original complaint.  (ECF No. 13.)  During pendency of the

9 motion to supplement, Plaintiff filed a first amended complaint on February 16, 2017.  (ECF No.

10 15.)  Because Plaintiff filed his first amended complaint, Plaintiff's request to supplement his

11 original complaint is now moot and is HEREBY DENIED.  *See*, *e.g.*, *Lacey v. Maricopa Cty.*,

12 693 F.3d 896, 927 (9th Cir. 2012) (en banc) (an amended complaint supersedes the original

13 complaint).

14     **B.  Motion filed March 6, 2017**

15         As indicated, on March 6, 2017, Plaintiff filed a motion to supplement his first amended

16 complaint.  (ECF No. 16.)  By his motion, Plaintiff requests that his civil action be supplemented

17 "with recently acquired clarification that specifically delineates the reclassification was had under

18 Prop 64; and, jail credits were awarded.  Indisputably and conclusively showing defendant lost

19 lawful jurisdiction of my person on 12/01/16."  (*Id.* at p. 1.)  Attached to his moving papers are

20 minutes from the Superior Court of the State of California, County of Orange, in Case:

21 16WF1633M A and Name:  Wahl, Peter Gerard.  (*Id.* at p. 2.)  The minutes span the time period

22 from November 15, 2016, to January 23, 2017.  (*Id.*)

23         Federal Rule of Civil Procedure 15(d) states, "[o]n motion and reasonable notice, the court

24 may, on just terms, permit a party to serve a supplemental pleading setting out any transaction,

25 occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R.

26 Civ. P. 15(d).  Here, Plaintiff's motion alleges no new facts that arose subsequent to his first

27 amended complaint to support a supplemental pleading. *See* Fed. R. Civ. P. 15(d).  As noted,

28 Plaintiff filed his first amended complaint in February 2017, which was after the proceedings

1  reflected in the minutes of the Orange County Superior Court took place.  Accordingly, Plaintiff's

2  motion to supplement his complaint filed on March 6, 2017, is HEREBY DENIED.  However,

3  the court is not precluded from taking judicial notice of court records in other cases.  *See United*

4  *States v. Howard*, 381 F.3d 873, 876 n. 1 (9th Cir. 2004).

5          **III.**      **Screening Requirement and Standard**

6         The Court is required to screen complaints brought by prisoners seeking relief against a

7  governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. §

8  1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

9  malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

10  relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C.

11  § 1915(e)(2)(B)(ii).

12         A complaint must contain "a short and plain statement of the claim showing that the

13  pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

14  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

15  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937,

16  1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

17  (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge

18  unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009)

19  (internal quotation marks and citation omitted).

20         To survive screening, Plaintiff's claims must be facially plausible, which requires

21  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

22  for the misconduct alleged.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted);

23  *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility

24  that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short

25  of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks

26  omitted); *Moss*, 572 F.3d at 969.

27        **A.  Plaintiff's Allegations**

28         Plaintiff, formerly confined at Wasco State Prison, brings suit against the following

defendants:  (1) Warden John Sutton; (2) Counselor Jane/John Doe; (3) J. Albert, CCII; and (4) Assistant Deputy Chief Warden Jane Doe.

Claim 1

In his first claim, Plaintiff alleges:  On August 18, 2016, Plaintiff was sentenced to 16 months in Case No. 16WF1633.  On September 7, 2016, Defendants took custody of Plaintiff. However, Plaintiff sought relief in the sentencing court under Proper 47.  On November 30, 2016, the sentencing court reclassified Plaintiff's felony to a misdemeanor and resentenced Plaintiff to 180 days (deemed served).  Once Plaintiff learned of the sentencing, he submitted grievances "everywhere," but no grievances were answered.  (ECF No. 15 at p. 3.)  Instead, Plaintiff was released under Prop 64 by Defendants with "summary probation."  (*Id.*)  Plaintiff checked Case No. 16WF1633 and found no probation.  Plaintiff sought emergency relief and submitted grievances to Defendants J. Albert, Counselor Jane/John Doe, Assistant Deputy Chief Warden Jane Doe, and Warden John Sutton, along with the Director of the California Department of Corrections and Rehabilitation.  Plaintiff also sought habeas relief, which was deemed moot and withdrawn without prejudice.

Claim 2

In his second claim, Plaintiff alleges that his access to courts was seriously thwarted and impaired by policy that prohibited unlimited access unless a court ordered deadline was capable of being produced.  Plaintiff contends that copies and research were severely limited, requiring him to file original copies and hand draft initial complaints.  Plaintiff further alleges that the grievance procedure did not provide any timely form of relief, even after he requested emergency relief.  Plaintiff claims that 602 forms had to be completed in ink and pens sold in the canteen were good only for a week.

Plaintiff further asserts that he obtained relief from the lower court, but "the Defendant" disregarded the habeas action, 602s and other grievances to staff members.  The counselor finally saw Plaintiff and had him sign papers on December 28, 2016, and Plaintiff was released on December 29, 2016 with alleged summary probation.  Plaintiff asserts that he missed Christmas, and that "the Defendant" by his policies and callous indifference to his liberty interest appeared to

4

1   be retaliatory in denying release for 29 days.

2       Claim 3

3       In his third claim, Plaintiff alleges that he was ordered reclassified and resentenced to a

4   misdemeanor (time served).  Defendant did not release Plaintiff until 29 days later on other

5   grounds.  Defendant reportedly lacked jurisdiction to implement Prop 64 after court issued order

6   at same time under Prop 47.  Plaintiff did not choose to serve Defendant and his staff after

7   November 30, 2016.  Defendant was served with a petition for writ of habeas corpus that sought

8   relief for classification delays and supplemented the same with this issue.  Defendant allegedly

9   disregarded Plaintiff's litigation seeking relief from the unconstitutional imprisonment being

10  suffered.  Plaintiff further alleges that housing C-B-3 has been scheduled for renovations due to

11  black mold and plumbing problems.  Plaintiff asserts that he also was grieving cold food and

12  black mold.

13      Plaintiff asserts violations of his First Amendment, Eighth Amendment, Thirteenth

14  Amendment and Fourteenth Amendment rights.  He seeks damages, along with declaratory relief.

15      **B.  Discussion**

16          **1.  Nature of Claim**

17      Plaintiff initiated this action on October 19, 2016, as a purported class action, complaining

18  about "classification processing" related to good time credits and transfer to mainline where

19  additional good time credits are received.  (ECF No. 1 at p. 3.)  Plaintiff's amended complaint,

20  which concerns events post-dating his original complaint, appears to improperly change the

21  nature of this suit.  In the order granting Plaintiff leave to the amend, the court expressly warned

22  Plaintiff that he may not change the nature of this suit by adding new, unrelated claims in his first

23  amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

24  complaints).  Despite the apparent change in his underlying claims, the court will nonetheless

25  screen the allegations in Plaintiff's first amended complaint to determine if he states a cognizable

26  claim for relief.

27  ///

28  ///

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has failed to adequately link the defendants to any constitutional violation. Plaintiff cannot simply lump all defendants together or refer vaguely to a single "Defendant" in his allegations. Instead, Plaintiff must identify the individual defendants in the allegations of his complaint and attribute specific conduct to each of the defendants. If Plaintiff elects to amend his complaint, then he must state what each person did or did not do that caused the alleged violation(s) of his constitutional rights.

### 3. Doe Defendants

Plaintiff names Counselor Jane/John Doe and Assistant Deputy Chief Warden Jane Doe. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

///

6

1

### 4. Access to Courts

Plaintiff alleges a violation of his First Amendment right to access the courts. Although inmates have a fundamental constitutional right of access to the courts, *Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009), to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice with respect to contemplated or existing litigation," *Nev. Dep't of Corrs. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis*, 518 U.S. at 348) (internal quotation marks omitted), *cert. denied*, 566 U.S. 911 (2012).  Plaintiff has not alleged any injury or actual prejudice with respect to any litigation. Therefore, Plaintiff has failed to state a cognizable claim for denial of access to the courts.

### 5. Grievance Process

Plaintiff appears to bring suit against defendants based on the grievance process and the handling of his grievances. However, the existence of an inmate grievance or appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the process was deficient. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  Therefore, Plaintiff has failed to state a cognizable claim regarding the grievance process or the handling of his inmate grievances.

### 6. Conditions of Confinement

Plaintiff appears to be complaining about the conditions of his confinement, including his cold food and the purported presence of black mold.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the "minimal civilized measure of life's necessities," and (2) "the prison official 'acted with deliberate indifference in doing so.' " *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard [ ] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Cold Food

Plaintiff has failed to state a cognizable claim regarding cold food. "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir.1993) (citation omitted). "The fact that the food ... sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." *Id.*

Black Mold

Plaintiff has failed to state a cognizable claim regarding alleged exposure to black mold. At a basic level, Plaintiff does not allege any ill effects from mere exposure to black mold. Instead, Plaintiff alleges that "[t]he physical damage is questionable due to exposure to Black Mold!" (ECF No. 15 at p. 5). Further, Plaintiff does not allege that any defendant knew of the black mold and failed to take measures to abate it. Plaintiff's own allegations indicate that the facility is scheduled for renovations to address the mold (and plumbing problems). (*Id.*)

**7. Excessive Custody**

The crux of Plaintiff's first amended complaint appears to be that he was held 29 days past his release date.

Eighth Amendment

A prisoner's claim for damages resulting from excessive custody may support a legitimate section 1983 claim. *See Haygood v. Younger*, 769 F.2d 1350, 1359 (9th Cir. 1985). "Detention beyond the termination of a sentence could constitute cruel and unusual punishment [in violation

8

of the Eighth Amendment] if it is the result of 'deliberate indifference' to the prisoner's liberty interest; otherwise, such detention can be held to be unconstitutional only if it violates due process." *Id.* at 1354 (internal citations omitted).

Here, Plaintiff alleges indifference to his liberty interests.  However, Plaintiff has failed to link such indifference to the individual defendants.  For instance, he has failed to allege what the individuals knew regarding his release and what each defendant did or did not do in response to that knowledge.

### Due Process

"The due process clause of the Fourteenth Amendment protects individuals from unlawful state deprivation." *Ward v. Brown*, 891 F.Supp.2d 1149, 1163 (E.D. Cal. 2012).  In assessing a due process violation related to excessive custody, the "court's first task is to determine whether *Paratt* (random act) or *Logan* (official practice and procedure) controls." *Haygood*, 769 F.2d at 1359.  Random and unauthorized deprivations by state prison officers cannot be prevented by due process hearings," and "a remedial hearing after the injury can provide due process in a narrowly limited class of cases." *Id.* at 1357.  However, "where the injury is the product of the operation of state law, regulation or institutionalized practice, it is neither random nor unauthorized." *Id.* Thus,

> [i]f the wrongful taking of liberty results from either affirmatively enacted or de facto policies, practices or customs, the court must determine when the responsible state officers received notice of a claim that a wrong was being done. When an official with the authority to rectify an erroneous practice receives notice of the wrongful practice and its harmful consequences, due process requires the state to provide a hearing before a further denial of liberty can be said to be free from § 1983 liability.

*Id.* at 1359.  Here, it is unclear from Plaintiff's allegations if the assertions of excessive custody arise from a random act of prison officials or from policies, practices or customs.  Plaintiff will be given leave to clarify his claims and cure this deficiency.

### IV.    Conclusion and Order

For the reasons stated, Plaintiff has failed to state a cognizable claim for relief.  The Court will grant Plaintiff an opportunity to cure the identified deficiencies to the extent he is able to do

9

1    so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

2           Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

3    each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556

4    U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must

5    be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555

6    (citations omitted).

7           Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated

8    claims in his first amended complaint.  *George*, 507 F.3d at 607.

9           Finally, Plaintiff is reminded that an amended complaint supersedes the original

10   complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's

11   amended complaint must be "complete in itself without reference to the prior or superseded

12   pleading." Local Rule 220.

13          Based on the foregoing, it is HEREBY ORDERED that:

14   1.      Plaintiff's motions to supplement filed on January 13, 2017, and March 6, 2017,

15   are DENIED;

16   2.      The Clerk's Office shall send Plaintiff a complaint form;

17   3.      Plaintiff's first amended complaint is dismissed with leave to amend;

18   4.      Within thirty (30) days from the date of service of this order, Plaintiff shall file a

19   file a second amended complaint; and

20   **5.      If Plaintiff fails to file an amended complaint in compliance with this order,**

21   **this action will be dismissed for failure to obey a court order and for failure to state a claim.**

22

23   IT IS SO ORDERED.

24   Dated:   **July 24, 2017**                        /s/ *Barbara A. McAuliffe*

25                                                     UNITED STATES MAGISTRATE JUDGE

26

27

28