# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER GERARD WAHL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WARDEN SUTTON, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-01576-BAM (PC)<br><br>SCREENING ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 20)<br><br>**THIRTY-DAY DEADLINE** |

**I.　Introduction**

Plaintiff Peter Gerard Wahl ("Plaintiff"), a former state prisoner, is proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on October 19, 2016. (ECF No. 1.) On July 25, 2017, the Court screened Plaintiff's first amended complaint and granted him leave to amend. (ECF No. 19.) Plaintiff's second amended complaint, filed on August 14, 2017, is currently before the Court for screening. (ECF No. 20.)

**II.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

1

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**A. Plaintiff's Allegations**

Plaintiff, formerly confined at Wasco State Prison, brings suit against the following defendants: (1) Warden John Sutton; (2) John/Jane Doe, Clerk of Orange County Superior Court; (3) John and Jane Does, Classification Staff.

Plaintiff alleges that he was knowingly and intentionally deprived of liberty interests by the Orange County Clerk/Prosecutor and Warden Sutton and his classification staff. Plaintiff contends that he was sentenced to 16 months in August 2016 with one month credit. He sought relief under Prop 47 after his commitment to Wasco State Prison. On November 30, 2016, the Orange County Court ordered Plaintiff resentenced to 6 months, deemed served. The Defendant Clerk of Court was ordered to inform proper authorities, but did not comply until December 1,

2016, after Plaintiff contacted the clerk.

Defendant Sutton and Classification Staff were notified by Plaintiff via grievances after receipt of the order by Plaintiff, but not by the Clerk, until December 21, 2016. Defendant Sutton and staff failed to release Plaintiff until 8 days after receipt of the order.

Plaintiff further alleges that the record of previous efforts to litigate this issue conveys that Plaintiff was discovering how the mishap happened after the belated release on December 29, 2016. Plaintiff asserts that he extended every effort practically feasible in order to obtain relief from the unlawful imprisonment. Plaintiff wrote to the Governor's office and even submitted a claim against the Government.

Plaintiff contends that defendants, in their individual and official capacities, inhibited, delayed and impaired Plaintiff's release, and he suffered physical, psychological and emotional duress, along with loss of liberty. Plaintiff seeks declaratory relief and compensatory and punitive damages.

**B. Discussion**

**1. Eleventh Amendment – Official Capacity**

Insofar as Plaintiff seeks to recover monetary damages against defendants in their official capacities, he may not do so. The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Therefore, the Eleventh Amendment bars Plaintiff's claims for monetary damages against defendants acting in their official capacities, but not their individual capacities.

**2. Quasi-Judicial Immunity**

Although Plaintiff alleges that the clerk of the court failed to notify prison officials of the order regarding his resentencing, the clerk of court is entitled to quasi-judicial immunity. "[C]ourt clerks and other non-judicial officers" enjoy quasi-judicial immunity when they perform tasks that are "an integral part of the judicial process," or "for purely administrative acts—acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function." *In re Castillo*, 297 F.3d 940, 951-52 (9th Cir. 2002); *Mullis v.*

*United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987). Any failure of the court clerk to ensure that plaintiff or prison authorities received notice of a court order was part of the judicial process, and thus the clerk is entitled to immunity. *See Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979), cert. denied, 445 U.S. 962 (1980) (court clerk immune for allegedly failing to give notice of a dependency court order because the clerk's "failure, if any, to perform a ministerial duty ... was a part of judicial process").

### 3. Excessive Custody

The crux of Plaintiff's amended complaint is that he was held past his release date.

<u>Eighth Amendment</u>

A prisoner's claim for damages resulting from excessive custody may support a legitimate section 1983 claim. *See Haygood v. Younger*, 769 F.2d 1350, 1359 (9th Cir. 1985). "Detention beyond the termination of a sentence could constitute cruel and unusual punishment [in violation of the Eighth Amendment] if it is the result of 'deliberate indifference' to the prisoner's liberty interest; otherwise, such detention can be held to be unconstitutional only if it violates due process." *Id.* at 1354 (internal citations omitted).

Here, Plaintiff's amended complaint fails to state a cognizable deliberate indifference claim against any of the prison defendants. Plaintiff admits that he was released approximately 8 days after defendants received a copy of the court's order regarding resentencing. There is no indication that prison defendants acted with deliberate indifference following receipt of the court order. Although not entirely clear from his amended complaint, it appears that Plaintiff attempted to notify prison officials of the order as early as December 1, 2016. It is unclear who Plaintiff notified at the prison, when they were notified, what information they were provided regarding Plaintiff's adjusted release date, and what they did or did not do in response. Plaintiff may be able to state a cognizable deliberate indifference claim if he is able to cure these deficiencies. Accordingly, Plaintiff will be granted one final opportunity to amend his complaint to state a cognizable claim. In any amended complaint, Plaintiff should state clearly what happened, when it happened and who was involved. General or conclusory allegations will not suffice.

///

4

Due Process

"The due process clause of the Fourteenth Amendment protects individuals from unlawful state deprivation." *Ward v. Brown*, 891 F.Supp.2d 1149, 1163 (E.D. Cal. 2012). In assessing a due process violation related to excessive custody, the "court's first task is to determine whether *Paratt* (random act) or *Logan* (official practice and procedure) controls." *Haygood*, 769 F.2d at 1359. Random and unauthorized deprivations by state prison officers cannot be prevented by due process hearings," and "a remedial hearing after the injury can provide due process in a narrowly limited class of cases." *Id.* at 1357. However, "where the injury is the product of the operation of state law, regulation or institutionalized practice, it is neither random nor unauthorized." *Id.* Thus,

> [i]f the wrongful taking of liberty results from either affirmatively enacted or de facto policies, practices or customs, the court must determine when the responsible state officers received notice of a claim that a wrong was being done. When an official with the authority to rectify an erroneous practice receives notice of the wrongful practice and its harmful consequences, due process requires the state to provide a hearing before a further denial of liberty can be said to be free from § 1983 liability.

*Id.* at 1359. Here, it is unclear from Plaintiff's allegations if the assertions of excessive custody arise from a random act of prison officials or from policies, practices or customs. Plaintiff will be given a final opportunity to clarify his claims and cure this deficiency.

### 4. Doe Defendants

Plaintiff names John and Jane Does of the prison classification staff. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

### III. Conclusion and Order

For the reasons stated, Plaintiff has failed to state a cognizable claim for relief. The Court will grant Plaintiff a **final opportunity** to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George*, 507 F.3d at 607.

Finally, Plaintiff is reminded that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's second amended complaint is dismissed with leave to amend;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a file a third amended complaint; and

**4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated: **February 16, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE