# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER GERARD WAHL,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN SUTTON, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01576-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 22)<br><br>**FOURTEEN-DAY DEADLINE** |

**I.  Introduction**

Plaintiff Peter Gerard Wahl ("Plaintiff"), a former state prisoner, is proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on October 19, 2016, while confined at Wasco State Prison. (ECF No. 1.)  On February 20, 2018, the Court screened Plaintiff's second amended complaint and granted him leave to amend. (ECF No. 21.)  Plaintiff's third amended complaint, filed on March 1, 2018, is currently before the Court for screening. (ECF No. 22.)

**II.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. §

1

1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**A. Plaintiff's Allegations**

Plaintiff, formerly confined at Wasco State Prison, brings suit against Warden John Sutton. Plaintiff alleges that on August 18, 2016, he was convicted for possession with intent to sell marijuana and sentenced to 16 months in prison. He was transported to Wasco State Prison in September 2016.

On November 30, 2016, the sentencing court ordered Plaintiff's sentence reduced to a misdemeanor with time deemed served. Plaintiff received a certified copy of the order with the sentencing court's seal on December 3, 2016. Plaintiff immediately began grievance processes on December 4, 2016, and Defendant Sutton was "grieved as well." (ECF No. 22 at p. 4.)

2

Plaintiff contends that the grievance processing was too slow. He also filed petitions for habeas relief in Kern County Superior Court.

Plaintiff has learned, through post-release investigation, that the Clerk of Court did not notify Defendant until 21 days after court-ordered release. Defendant continued to hold Plaintiff as a state prisoner until December 29, 2016. Plaintiff alleges that he suffered severe psychological, emotional and physical distress as a result of his confinement. Plaintiff further alleges that Defendant Sutton knew or reasonably should have known through the prior grievances that Plaintiff was being held unlawfully, but Defendant took no steps to rectify the matter. Plaintiff alleges that Defendant exhibited callous indifference to Plaintiff's grievances. Plaintiff contends that the classification department was overburdened and understaffed during this period.

Plaintiff seeks a declaratory judgment, along with damages.

**B. Discussion**

The crux of Plaintiff's amended complaint is that he was held past his release date.

<u>Eighth Amendment</u>

A prisoner's claim for damages resulting from excessive custody may support a legitimate section 1983 claim. *See Haygood v. Younger*, 769 F.2d 1350, 1359 (9th Cir. 1985). "Detention beyond the termination of a sentence could constitute cruel and unusual punishment [in violation of the Eighth Amendment] if it is the result of 'deliberate indifference' to the prisoner's liberty interest; otherwise, such detention can be held to be unconstitutional only if it violates due process." *Id.* at 1354 (internal citations omitted).

Here, Plaintiff's amended complaint fails to state a cognizable deliberate indifference claim against Defendant Sutton. Plaintiff admits that he was released approximately 8 days after defendants received a copy of the court's order regarding resentencing. There is no indication that prison officials acted with deliberate indifference following receipt of the court order. Plaintiff himself admits that the classification department was overburdened and understaffed. Although Plaintiff alleges that he attempted to notify prison officials via the grievance process, there is no indication that Defendant Sutton knew of the grievances or of the reduced sentence

and failed to otherwise act.

Due Process

"The due process clause of the Fourteenth Amendment protects individuals from unlawful state deprivation." *Ward v. Brown*, 891 F.Supp.2d 1149, 1163 (E.D. Cal. 2012). In assessing a due process violation related to excessive custody, the "court's first task is to determine whether *Paratt* (random act) or *Logan* (official practice and procedure) controls." *Haygood*, 769 F.2d at 1359. Random and unauthorized deprivations by state prison officers cannot be prevented by due process hearings," and "a remedial hearing after the injury can provide due process in a narrowly limited class of cases." *Id.* at 1357. However, "where the injury is the product of the operation of state law, regulation or institutionalized practice, it is neither random nor unauthorized." *Id.* Thus,

> [i]f the wrongful taking of liberty results from either affirmatively enacted or de facto policies, practices or customs, the court must determine when the responsible state officers received notice of a claim that a wrong was being done. When an official with the authority to rectify an erroneous practice receives notice of the wrongful practice and its harmful consequences, due process requires the state to provide a hearing before a further denial of liberty can be said to be free from § 1983 liability.

*Id.* at 1359. According to exhibits attached to Plaintiff's amended complaint, it appears that prison officials received a copy of the sentencing court's order on December 21, 2016 (ECF No. 22 at p. 9), and Plaintiff was released from custody on December 29, 2016. There is no allegation that Plaintiff's failure to be released from immediate custody was due to a policy, practice or custom of the prison. Rather, it appears to be a delay resulting from understaffing, and the not a policy, practice or custom of Defendant Sutton or the prison.

**III. Conclusion and Recommendation**

Plaintiff's third amended complaint fails state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint, and thus further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a

4

district judge to this action.

Further, the Court HEREBY RECOMMENDS that Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 29, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE