# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER GERARD WAHL,<br><br>        Plaintiff,<br><br>   v.<br><br>SUTTON,<br><br>        Defendant. | Case No. 1:16-cv-01576-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO DISMISS<br><br>(ECF No. 41)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**Findings and Recommendations**

**I.**     **Introduction**

Plaintiff Peter Gerard Wahl ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's third amended complaint against Defendant Sutton ("Defendant") for deliberate indifference resulting from excessive custody, in violation of the Eighth Amendment.

On April 16, 2018, the Court dismissed this action for failure to state a claim. (ECF Nos. 25, 26.) Plaintiff appealed. On August 21, 2018, the Ninth Circuit affirmed in part, reversed in part, and remanded the action for further proceedings. The Ninth Circuit found that Plaintiff's due process claim was properly dismissed, but that, liberally construed, the allegations in the third amended complaint were sufficient to warrant ordering Defendant to file an answer with respect to Plaintiff's deliberate indifference claim. (ECF No. 34.) The Ninth Circuit issued its mandate

1

on September 12, 2018. (ECF No. 35.) The Ninth Circuit did not address the issues of absolute or qualified immunity.

On November 14, 2018, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). By this motion, Defendant seeks to dismiss this action on the grounds that the third amended complaint fails to state a claim because Defendant is protected by absolute and qualified immunity. (ECF No. 41.) Plaintiff filed an opposition on January 11, 2019. (ECF No. 45.) Defendant filed a reply on January 16, 2019. (ECF No. 46.) The motion is deemed submitted. Local Rule 230(l).

For the reasons discussed below, the Court recommends that Defendant's motion to dismiss be granted.

**II.      Summary of Relevant Allegations in the Third Amended Complaint**

Plaintiff, formerly confined at Wasco State Prison, brings suit against John Sutton, Warden of Wasco State Prison ("WSP"). Plaintiff alleges that on August 18, 2016, he was convicted for possession with intent to sell marijuana and sentenced to 16 months in prison. He was transported to WSP in September 2016.

On November 30, 2016, the sentencing court ordered Plaintiff's sentence reduced to a misdemeanor with time deemed served. Plaintiff received a certified copy of the order with the sentencing court's seal on December 3, 2016. Plaintiff immediately began grievance processes on December 4, 2016, and Defendant Sutton was "grieved as well." (ECF No. 22, p. 4.)

Plaintiff learned, through post-release investigation, that the Clerk of Court did not notify Defendant until 21 days after court-ordered release. Defendant continued to hold Plaintiff as a state prisoner until December 29, 2016. Plaintiff alleges that he suffered severe psychological, emotional, and physical distress as a result of his confinement. Plaintiff further alleges that Defendant knew or reasonably should have known through the prior grievances that Plaintiff was being held unlawfully, but Defendant took no steps to rectify the matter. Plaintiff alleges that Defendant exhibited callous indifference to Plaintiff's grievances. Plaintiff contends that the classification department was overburdened and understaffed during this period.

Plaintiff seeks a declaratory judgment, along with damages.

**III.     Scope of Remand**

Upon remand, the District Court must proceed on the terms of the Ninth Circuit's mandate. Stacy v. Colvin, 825 F.3d 563, 567–68 (9th Cir. 2016). The District Court may, however, decide anything not foreclosed by the mandate, so long as the District Court does not take actions that contradict it. Id. at 568; Firth v. United States, 554 F.2d 990, 993–94 (9th Cir. 1977) (". . . a mandate is controlling as to all matters within its compass, while leaving any issue not expressly or impliedly disposed of on appeal available for consideration by the trial court on remand."). Furthermore, while the "law of the case" doctrine limits district court reconsideration of issues previously determined, the doctrine does not apply to issues or claims that were not actually decided. Mortimer v. Baca, 594 F.3d 714, 720 (9th Cir. 2010); Odima v. Westin Tucson Hotel, 53 F.3d 1484, 1497 (9th Cir. 1995).

As noted above, the Ninth Circuit's remand order states that the allegations in the third amended complaint "are sufficient to warrant ordering defendant to file an answer." (ECF No. 34, p. 2.) Although the Ninth Circuit's remand order refers to the filing of an **answer**, the Court finds that this language does not foreclose the filing of Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) on grounds not actually decided by the Ninth Circuit. Therefore, the Court finds that consideration of Defendant's motion to dismiss on the grounds of absolute and qualified immunity is appropriate in the instant action. See Cassett v. Stewart, 406 F.3d 614, 621 (9th Cir. 2005) (district court is free to do anything not foreclosed by the mandate or counter to the "spirit" of the circuit court's decision) (quoting United States v. Kellington, 217 F.3d 1084, 1092–93 (9th Cir. 2000)).

**IV.     Defendant's Motion to Dismiss**

   **A.     Legal Standards**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quotation marks and citations omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible

on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pled factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 996–97 (9th Cir. 2006); Morales v. City of L.A., 214 F.3d 1151, 1153 (9th Cir. 2000). Further, prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

### 1. Deliberate Indifference in Violation of the Eighth Amendment

A prisoner's claim for damages resulting from excessive custody may support a legitimate section 1983 claim. See Haygood v. Younger, 769 F.2d 1350, 1359 (9th Cir. 1985). "Detention beyond the termination of a sentence could constitute cruel and unusual punishment [in violation of the Eighth Amendment] if it is the result of 'deliberate indifference' to the prisoner's liberty interest; otherwise, such detention can be held to be unconstitutional only if it violates due process." Id. at 1354 (internal citations omitted).

### 2. Absolute Immunity

"Absolute immunity 'is an extreme remedy, and it is justified only where any lesser degree of immunity could impair the judicial process itself.'" Garmon v. Cty. of Los Angeles, 828 F.3d 837, 843 (9th Cir. 2016) (quoting Lacey v. Maricopa Cty., 693 F.3d 896, 912 (9th Cir. 2012) (en banc)). "The official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question.'" Garmon, 828 F.3d at 843 (quoting Burns v. Reed, 500 U.S. 478, 486 (1991)).

> [T]he Supreme Court has emphasized [the] functional approach for determining when public officials may claim absolute immunity under § 1983. An official must be "performing a duty functionally comparable to one for which officials were rendered immune at common law," and "it is only the specific function performed, and not the role or title of the official, that is the touchstone of

| | |
|---|---|
| 1 | absolute immunity. |

Engebretson v. Mahoney, 724 F.3d 1034, 1039 (9th Cir. 2013) (as amended). In Engebretson, the Supreme Court held that "prison officials charged with executing facially valid court orders enjoy absolute immunity from § 1983 liability for conduct prescribed by those orders." Id. In contrast, absolute immunity has not been extended to prison officials acting in non-judicial capacities, acting outside his or her authority, or to those who failed to strictly comply with court orders. See Procunier v. Navarette, 434 U.S. 555, 561 (1978); Garcia v. Cty. of Riverside, 817 F.3d 635, 644 (9th Cir.), cert. denied sub nom. Baca v. Garcia, 137 S. Ct. 344 (2016); Engebretson, 724 F.3d at 1038 n.2 (identifying cases where the court has declined to extend absolute immunity to judges and prison, school, and executive officials).

### 3. Qualified Immunity

Qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). When considering an assertion of qualified immunity, the court makes a two-pronged inquiry: (1) whether the plaintiff has alleged the deprivation of an actual constitutional right and (2) whether such right was clearly established at the time of defendant's alleged misconduct. See Pearson v. Callahan, 555 U.S. 223, 232 (2009) (quoting Saucier v. Katz, 535 U.S. 94, 201 (2001)). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." Ashcroft v. al-Kidd, 563 U.S. 731, 743 (2011).

"For the second step in the qualified immunity analysis—whether the constitutional right was clearly established at the time of the conduct—the critical question is whether the contours of the right were 'sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" Mattos v. Agarano, 661 F.3d 433, 442 (9th Cir. 2011) (quoting al-Kidd, 563 U.S. at 741) (some internal marks omitted). "The plaintiff bears the burden to show that the contours of the right were clearly established." Clairmont v. Sound Mental Health, 632 F.3d 1091, 1109 (9th Cir. 2011). "[W]hether the law was clearly established must be undertaken in light of the specific context of the case, not as a broad general proposition." Estate of Ford,

301 F.3d at 1050 (citation and internal marks omitted). In making this determination, courts consider the state of the law at the time of the alleged violation and the information possessed by the official to determine whether a reasonable official in a particular factual situation should have been on notice that his or her conduct was illegal. Inouye v. Kemna, 504 F.3d 705, 712 (9th Cir. 2007); see also Hope v. Pelzer, 536 U.S. 730, 741 (2002) (the "salient question" to the qualified immunity analysis is whether the state of the law at the time gave "fair warning" to the officials that their conduct was unconstitutional). "[W]here there is no case directly on point, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" C.B. v. City of Sonora, 769 F.3d 1005, 1026 (9th Cir. 2014) (citing al-Kidd, 563 U.S. at 740). An official's subjective beliefs are irrelevant. Inouye, 504 F.3d at 712.

### B. Parties' Positions

Defendant argues that he is absolutely immune for incarcerating Plaintiff up to December 21, 2016, because he was enforcing a facially valid court order that sentenced Plaintiff to sixteen months in state prison. Although Plaintiff was resentenced by the superior court on November 30, 2016, the resentencing order was not faxed to CDCR until December 21, 2016. Defendant argues that there are no allegations that show he received and reviewed Plaintiff's December 4, 2016 grievance before Plaintiff was released from prison, or that the grievance provided Defendant with any documentary evidence of Plaintiff's resentencing. Thus, until the court clerk sent an official copy of the resentencing order to CDCR, Defendant had a legal duty to continue enforcing the original judgment in Plaintiff's institutional file.

Alternatively, Defendant argues that he is entitled to qualified immunity because Plaintiff has failed to allege that Defendant subjectively knew about Plaintiff's over-detention or that Defendant acted with deliberate indifference. Once CDCR received the resentencing order from the court clerk, Plaintiff was processed and released in a timely manner pursuant to state law. Moreover, even if the Court finds that Plaintiff has stated a claim for Eighth Amendment deliberate indifference against Defendant, Defendant did not violate a clearly established constitutional right.

///

In his opposition, Plaintiff argues that Defendant's statement that there are no allegations that show Defendant knew about Plaintiff's over-detention until after the superior court sent the resentencing order on December 21, 2016, directly contradict Defendant's admission that Plaintiff filed grievances on December 4, 2016. Plaintiff appears to clarify that he did not attach the superior court's order to his grievance, stating that he could not relinquish his original. Plaintiff reiterates that he sought to present the court order to any authority but received no responses or audiences until December 28, and he was released on December 29. Plaintiff further argues that the fact that he filed "every possible grievance to every known authority both internally an externally without responses conveys that the Defendant knew or should have known that he no longer had proper jurisdiction of plaintiff and he was being held unlawfully; and, [plaintiff] suffered dearly." (ECF No. 45, p. 4.)

In reply, Defendant argues that Plaintiff's opposition fails to address the two main issues of absolute and qualified immunity, which should be construed as a waiver or abandonment of the issue, warranting dismissal of Plaintiff's claims against Defendant. Defendant further argues that, to state a claim for deliberate indifference under the Eighth Amendment, Plaintiff must allege facts that show Defendant subjectively knew about Plaintiff's over-detention, rather than merely alleging that Defendant knew or should have known about Plaintiff's over-detention as a result of the grievances Plaintiff filed. Finally, Defendant contends that Plaintiff's reliance on Haygood v. Younger, 769 F.2d 1350 (9th Cir. 1985), is misplaced, as that line of cases dealt with situations where prison officials responsible for calculating a prisoner's sentence had failed to investigate whether they had miscalculated the prisoner's release date, whereas Defendant had a legal duty to continue enforcing the original judgment until the prison received the superior court's resentencing order.

**C.    Discussion**

First, the Court declines to dismiss Plaintiff's claims against Defendant on the ground that Plaintiff's failure to address Defendant's absolute or qualified immunity arguments should be construed as a waiver or abandonment of those issues. Though Defendant has cited various authorities in support of this argument, it appears to the Court that the parties in those actions

were all represented by counsel, rather than proceeding *pro se*. (See ECF No. 46, p. 3, citing cases.) Given the Court's duty to liberally construe *pro se* pleadings, Wilhelm v. Rotman, 680 F.3d 1113, 1116 (9th Cir. 2012), the Court will address Defendant's motion to dismiss on the merits.

### 1. Absolute Immunity

Absolute immunity is an extreme remedy, and prison officials charged with executing facially valid court orders only enjoy absolute immunity for conduct prescribed by those orders. Engebretson, 724 F.3d at 1039. Defendant argues that the superior court's original sentencing order was facially valid until the resentencing order was faxed to CDCR on December 21, 2016, and he had a legal duty to continue enforcing the original judgment already in Plaintiff's institutional file until an official copy was received from the court clerk. Defendant further contends that Plaintiff fails to allege that Defendant received and reviewed Plaintiff's December 4, 2016 grievance before Plaintiff's release from prison, or that the grievance provided Defendant with any documentary evidence about Plaintiff's resentencing.

However, liberally construing Plaintiff's *pro se* pleadings, the Ninth Circuit found that Plaintiff's allegations were sufficient to show that Defendant was informed of the reduced sentence through the grievance process and then failed to intervene. (See ECF No. 34, p.2.) Thus, at the pleading stage, Defendant was on notice of Plaintiff's resentencing. Defendant then failed to act on that resentencing information. This challenged conduct goes beyond mere continued enforcement of the original judgment. Thus, an absolute immunity analysis would be inappropriate under these circumstances.

### 2. Qualified Immunity

The undersigned need not determine whether Plaintiff has stated a cognizable claim under the Eighth Amendment. Rather, the Court finds that, viewed in the requisite case-specific context, Defendant did not violate a clearly established constitutional right and is entitled to qualified immunity. Because the Court finds that the second prong of the qualified immunity analysis is not satisfied, it need not reach the first. See Pearson, 555 U.S. at 236.

///

Existing case law does not clearly establish whether prison officials have a duty to investigate a prisoner's court records beyond those in the prisoner's institutional file, where prison officials are enforcing a facially valid court order and are not responsible for calculating a prisoner's sentence. See Rivera v. County of Los Angeles, 745 F.3d 384, 393 (9th Cir. 2014) ("If a suspect is held according to court order, county officials are not required to investigate whether that court order is proper."); Alston v. Read, 663 F.3d 1094, 1099–1100 (9th Cir. 2011) (prison officials entitled to rely on state statute and original judgment received from court and were not required to go in search of additional courthouse records that might affect prisoner's sentence beyond what was initially received from the court for inclusion in institutional file); Stein v. Ryan, 662 F.3d 1114, 1117 (9th Cir. 2011) ("Prison officials may properly assume that they have the authority to execute the sentencing orders delivered to them by the court without fear of civil liability."). In Stein, the Ninth Circuit further found that although prison officials had a duty to execute sentencing orders delivered by the courts, and to calculate accurately the prisoner's release date according to the terms of the sentencing order, no reasonable prison official would understand that executing a court order without investigating its potential illegality would violate the prisoner's right to be free from cruel and unusual punishment. Stein, 662 F.3d at 1120–21.

The law provides even less clarity where, as here, prison officials have received some form of notice through prison grievance forms, but they have not yet received an official—or unofficial—copy of the court's resentencing order. Compare Alston, 663 F.3d at 1099 (prison officials entitled to qualified immunity where prisoner referred only to prior judgment already in his institutional file) with Alexander v. Perrill, 916 F.2d 1392, 1399 (9th Cir. 1990) (affirming district court's denial of qualified immunity defense where prisoner offered "verified court documents and other proof" in support of his over-detention claim). The allegations in Plaintiff's third amended complaint indicate only that he filed numerous grievances, that "[n]obody came to look at court order; or, even to contact clerk to provide certified copy thereof," and confirm that the court clerk did not provide the prison authorities with the court order until December 21, 2016. (ECF No. 22, pp. 6–7.) Plaintiff's opposition to the motion to dismiss further indicates that Plaintiff had the original copy of the court's resentencing order, which he could not

9

relinquish, (ECF No. 45, p. 1), but Plaintiff fails to allege that he ever provided even an unofficial copy of the resentencing order as an attachment to any of the grievances filed. In addition, Plaintiff's allegations in the third amended complaint appear to confirm that Defendant did not ever personally view the original or a copy of the resentencing order.

Because existing case law does not clearly establish whether prison officials have a duty to review a prisoner's court records beyond those in his institutional file, and based on the facts of this case, the Court is persuaded that Defendant is entitled to qualified immunity.

## V.   **Conclusion and Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that Defendant's motion to dismiss (ECF No. 41), be GRANTED on the ground that Defendant is entitled to qualified immunity.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 4, 2019**                    /s/ *Barbara A. McAuliffe*   _
                                                                       UNITED STATES MAGISTRATE JUDGE